IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JONATHON MARK,

                      Plaintiff,

v.

JOHN AND/OR JANE DOES,

                      Defendants.

OPINION and ORDER

22-cv-365-jdp

---

Plaintiff Jonathon Mark, appearing pro se, is a former state of Wisconsin inmate. Mark alleges that defendant prison officials caused him to miss a statutory filing deadline in another case. He seeks leave to proceed in forma pauperis with this case, and the court has already let him proceed without prepaying any portion of the filing fee. Dkt. 4.

The next step is for me to screen Mark's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

This case is an offshoot of a previous case brought by Mark, No. 21-cv-650-jdp. I dismissed the original complaint in the '650 case because Mark's allegations violated Federal Rule of Civil Procedure 8 for being too vague to state claims for relief and they violated Rule 20 for seeking relief against multiple groups of defendants about unrelated events. *See* Dkt. 7 in the '650 case. Mark has attempted to solve his Rule 20 problems by shifting some of his claims

into new individual lawsuits: this lawsuit involves his allegations that staff kept him from meeting a filing deadline.

But in dismissing Mark's complaint in the '650 lawsuit, I told him that his allegations regarding this incident did not include enough information to meet Rule 8's pleading standards. In particular, I stated, "[Mark] alleges that a staff member caused him to miss a statutory filing deadline, but he does not say what the deadline he missed, why he missed it, or whether he suffered any consequences as a result. Mark needs to include more details to support his claims." Dkt. 7 in the '650 case, at 2. I instructed Mark to fix this pleading defect, but his new allegations suffer from the same problem. He now states that he believes that various unidentified John or Jane Doe prison officials conspired to prevent him from meeting a statutory filing deadline. But he again he doesn't explain what deadline he missed, how defendants caused him to miss it, or what consequences he faced as a result.

To state this type of access-to-the-courts claim, Mark must allege that prison officials' actions caused the loss or inadequate settlement of meritorious claims in another case. *See Christopher v. Harbury*, 536 U.S. 403, 414 (2002). His new allegations still fail to contain enough information to state a claim under this standard, even after I gave him a chance to fix his pleading problems. So I will dismiss this case for his failure to state a claim upon which relief may be granted. *See Paul v. Marberry*, 658 F.3d 702, 704–05 (7th Cir. 2011) (court should dismiss case for failure to state a claim upon which relief may be granted after plaintiff fails to correct a pleading that violates Rule 8).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to enter judgment accordingly and close the case.

Entered August 3, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge